# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DON DAVID PRICE, MARIA NYIRADI and PETER WAHLER, Derivatively on Behalf of BORGWARNER INC., | Case No. 2:22-cv-11131-LJM <br><br> Hon. Laurie J. Michelson |
| Plaintiffs, | |
| v. | |
| ALEXIS P. MICHAS, DENNIS C. CUNEO, MICHAEL S. HANLEY, JOSEPH F. FADOOL, BRADY D. ERICSON, AND FREDERIC B. LISSALDE | |
| Defendants, | |
| -and- | |
| BORGWARNER INC., a Delaware Corporation, | |
| Nominal Defendant. | |

**PRELIMINARY APPROVAL ORDER**

Stockholders have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation of Settlement dated May 19, 2022 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal of the above-captioned action, titled *Price, et al. v. Michas, et al.* (E.D. Mich.) (the "Action");

WHEREAS, the Court having: (i) read and considered Stockholders' Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

beneficial result for BorgWarner Inc. ("BorgWarner") and appears to be the product of serious, informed, non-collusive negotiations; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that BorgWarner shareholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on September 23, 2022 at 3:30 p.m., before the Honorable Laurie J. Michelson, either remotely or in person, and if in person at the U.S. District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 212, Detroit, Michigan 48226 (the "Settlement Hearing"), at which time the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil

Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitute the best notice practicable under the circumstances and comply fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within fourteen (14) business days after the entry of this Preliminary Approval Order, BorgWarner, at its own cost, shall cause the Stipulation of Settlement and Notice to be filed with or furnished to the SEC by including a copy as an exhibit to a Current Report on Form 8-K (the "8-K"), and shall publish the Summary Notice one time in the national edition of *Investors' Business Daily*. The 8-K and attachments shall also be posted on the Company's website until the Judgment becomes Final. Stockholders' Counsel, at their cost, shall also post the Stipulation of Settlement and Notice on their respective websites.

6. At least twenty-four (24) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration

with respect to filing, publishing, and posting the Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

7. All Current BorgWarner Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current BorgWarner Stockholders.

8. Pending final determination of whether the Settlement should be approved, neither Stockholders nor any other Current BorgWarner Stockholders shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

9. Any shareholder of BorgWarner common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or why the Fee and Expense Amount or Service Awards should not be awarded. However, no BorgWarner shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that BorgWarner shareholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof of current beneficial ownership of BorgWarner stock and beneficial ownership of BorgWarner

stock as of May 19, 2022, as well as documentary evidence of when such beneficial ownership of BorgWarner stock was acquired.

10. At least fourteen (14) calendar days prior to the Settlement Hearing set for September 23, 2022, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, Michigan 48226 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Stockholders:*

Melinda A. Nicholson
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Melinda.nicholson@ksfcounsel.com

Ashley R. Rifkin
ROBBINS LLP
5040 Shoreham Place
San Diego, CA 92122
arifkin@robbinsllp.com

*Counsel for Defendants:*

Jonathan Youngwood
SIMPSON THACHER
 & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com

11. Only shareholders who have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

12. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be

- 5 -

foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

13. Stockholders shall file their motion for final approval of the Settlement at least twenty-one (21) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, Stockholders shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

14. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

15. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to BorgWarner shareholders.

16. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is

intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

17. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to BorgWarner shareholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to BorgWarner shareholders.

**IT IS SO ORDERED.**

Dated: June 22, 2022

<u>s/Laurie J. Michelson</u>
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE